IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ADAN DOROTEO MIRANDA BRAVO,

          Petitioner

      v.

MARCOS CHARLES *Immigration and
Customs Enforcement (ICE) Enforcement and
Removal Operations (ERO) Acting Executive
Associate Director,* ET AL.,

          Respondents

26cv0952
ELECTRONICALLY FILED

**MEMORANDUM ORDER DENYING PETITIONER ADAN DOROTEO
MIRANDA BRAVO'S PETITION FOR WRIT OF
HABEAS CORPUS UNDER 28 U.S.C. § 2241 (Doc. 1)**

Pending is Petitioner Adan Doroteo Miranda Bravo's counseled Petition for Writ of

Habeas Corpus Under 28 U.S.C. § 2241 ("Petitioner's habeas petition"), while was filed on May

20, 2026.  (Doc. 1).

By way of Petitioner's habeas petition, Plaintiff challenges: (1) "the statutory label

assigned to his detention;" and (2) whether "his continued civil detention without any

meaningful individualized custody determination, despite his lengthy residence in the United

States, extensive family and community ties, lack of criminal history, and complete absence of

any neutral assessment regarding whether continued detention remains necessary," violates his

due process rights under the Fifth Amendment to the United States Constitution ("Fifth

Amendment").  (Doc. 10 at 2-3).

In response to Petitioner's habeas petition, Respondents first argue that Petitioner's

habeas petition should be denied because Petitioner failed to exhaust his administrative remedies

prior to filing his habeas petition.  (Doc. 9 at 6-7)

1

Respondents further assert: (1) Petitioner's detention is governed by 8 U.S.C. § 1231 ("Section 1231") because he is subject to an administratively final order of removal; and (2) Petitioner's detention to date without a bond hearing does not violate Petitioner's Fifth Amendment due process rights. (*Id.* at 7-11).

## I.    BACKGROUND

Petitioner is a native and citizen of Guatemala.

Petitioner first illegally entered the United States ("U.S.") on January 12, 2012. He was detained at the U.S. border, and removed from the U.S. that same day, January 12, 2012.

Petitioner then unlawfully reentered the U.S. sometime in May, 2012, and since that time has resided in the U.S. He is married and the father of three minors, all U.S. citizens.

Petitioner was again detained by immigration authorities on April 27, 2020. On April 28, 2020, he was released from detention under an Order of Supervision. (Doc. 1-3).

Petitioner was again arrested by immigration authorities on March 19, 2026. Since that date, March 19, 2026, Petitioner has been detained.

While Petitioner was originally detained in a facility outside of Pennsylvania, since May 6, 2026, Petitioner has been detained at Moshannon Valley Processing Center ("MVPC"), a detention facility within the jurisdiction of this Court.

On May 14, 2026, *i.e.*, a date prior to Petitioner filing his habeas petition on May 20, 2026, a reinstated removal order was issued for Petitioner. (Doc. 9-5 at 2-3).

Petitioner subsequently was provided a reasonable fear interview with an Asylum Officer, who made a negative fear determination. (Doc. 9-6).

Petitioner requested review of the Asylum Officer's decision by an immigration judge ("IJ"). (*Id.*).

On June 16, 2026, an IJ reviewed the reasonable fear determination of the Asylum Officer and found that Petitioner did not establish a reasonable possibility of persecution or torture in the country of removal.  (*Id.*).

## II.    DISCUSSION

### A.  *Petitioner's Failure to Exhaust His Administrative Remedies Prior to Filing His Habeas Petition Does Not Preclude Habeas Review*

The initial query is whether Petitioner's habeas petition should be denied, as argued by Respondents, because Petitioner failed to exhaust his administrative remedies prior to filing his habeas petition.  (*See* Doc. 9 at  6-7) (arguing Petitioner's habeas petition should be denied for failure of Petitioner to follow the requirements of 8 C.F.R. § 241.13(d) which provides: "An eligible alien may submit a written request for release to [ICE Headquarters Post-Order Detention Unit] asserting the basis for the alien's belief that there is no significant likelihood that the alien will be removed in the reasonably foreseeable future. The alien may submit whatever documentation to the HQPDU he or she wishes in support of the assertion that there is no significant likelihood of removal in the reasonably foreseeable future."  8 C.F.R. § 241.13(d).

In *Del Cid v. Bondi*, Civ. No. 3:25-304, 2025 WL 2985150 (W.D. Pa. Oct. 23, 2025) (Haines, J.), the district court explained:

> "Exhaustion is the rule in most cases, and failure to exhaust will generally preclude habeas review." *Stokes v. Warden of FCI-Allenwood*, No. 1:24-CV-1048, 2024 WL 4567287 at *2 (M.D. Pa. Oct. 24, 2024) (citing *Moscato v. Fed Bureau of Prisons*, 98 F.3d 757, 761 (3d Cir. 1996)); *see also Callwood v. Enos*, 230 F.3d 627, 643 (3d Cir. 2000) ("Although there is no statutory exhaustion requirement attached to § 2241, we have consistently applied an exhaustion requirement to claims brought under § 2241."). "Only in rare circumstances is exhaustion of administrative remedies not required." *Id*. For example, "exhaustion is unnecessary if the issue presented is one that consists purely of statutory construction." *Id.* (citing *Vasquez v. Strada*, 684 F.3d 431, 433–34 (3d Cir. 2012)). And exhaustion "is likewise not required when it would be futile." *Id*. (citing  *Rose v. Lundy*, 455 U.S. 509, 516 n.7 (1982)).

3

*Del Cid*, 2025 WL 2985150, at \*13.

Applying this law to Petitioner's habeas petition, the Court finds that in light of the unique facts of this case, Petitioner's failure to exhaust administrative remedies does not preclude this Court from reviewing the merits of Petitioner's habeas petition.

In particular, notwithstanding that for the reasons articulated in detail below, the Court finds that Petitioner is presently detained pursuant to 8 U.S.C. § 1231 ("Section 1231"), when Petitioner originally filed his habeas petition in March, 2026, he was not denied pursuant to Section 1231 of the Immigration and Nationality Act ("INA"), and based on the decisions of *Matter of Q. Li*, 29 I&N Dec. 66 (BIA 2025) and *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), which are controlling for immigration judges and the Executive Office for Immigration Review, any request by Petitioner for a bond hearing or release from detention prior to filing his habeas petition would have been denied at the administrative level.

> B.  *Petitioner's Habeas Petition is Denied Because His Detention Pursuant to Section 1231 Without a Bond Hearing Does Not Violate Either the INA or Petitioner's Due Process Rights Under the Fifth Amendment*

Turning to the merits of Petitioner's habeas petition, Petitioner's habeas petition fails on its merits because the Court finds that: (1) Petitioner's present detention is governed by Section 1231 of the INA; and (2) Petitioner's detention pursuant to Section 1231 without being provided an individualized bond hearing does not violate either the INA or Petitioner's due process rights under the Fifth Amendment.

> 1.  *Petitioner's Detention is Governed by 8 U.S.C. § 1231*

Petitioner contends that his detention is governed by 8 U.S.C. § 1226(a) ("Section 1226(a)"), and therefore, his detention without an individualized bond hearing, with the burden falling on the Government to demonstrate by clear and convincing evidence that Petitioner poses

a flight risk or danger to the community, violates the INA.  (Doc. 1 at 12-15, 17-18, Third and Fifth Claims for Relief).

Respondents counter that Petitioner is being detained pursuant to Section 1231, and therefore, Petitioner's detention without a bond hearing does not violate the INA.  Section 1231 "governs the detention, release, and removal of individuals 'ordered removed'." *Johnson v. Arteaga-Martinez*, 596 U.S. 573, 578 (2022) (quoting 8 U.S.C. § 1231(a)(1)(A)).

As stated, on May 14, 2026, a reinstated removal order was issued for Petitioner. (Doc. 9-5 at 2-3).  A reinstated removal order is a final order of removal.  Accordingly, as May 14, 2026, Petitioner became a post-final order detainee and Petitioner's detention is governed by Section 1231.  *See Johnson v. Guzman Chavez*, 594 U.S. 523, 529–30 (2021) (explaining that once a removal order is reinstated, the noncitizen is in a post-final-order posture and detention is governed by § 1231's removal-period framework); *Paz Rodriguez v. Soto*, Civ. No 26-5743, 2026 WL 1724689, at *2 (D.N.J. Jun. 15, 2026) (same).

 2. *Petitioner's detention pursuant to Section 1231 without a bond hearing does not violate the INA*

Pursuant to Section 1231, there is an initial 90-day "removal period" during which "the Attorney General *shall* detain the alien."  8 U.S.C. § 1231(a)(2) (emphasis added); *Zadvydas v. Davis*, 533 U.S. 678, 683 (2001) (explaining: "After entry of a final removal order and during the 90–day removal period, however, aliens must be held in custody. § 1231(a)(2).").

This "removal period" "begins on the latest of the following: (i) The date the order of removal becomes administratively final[;] (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order[;] or (iii) If the alien is detained or confined (except under an immigration process)."  8 U.S.C. § 1231(a)(1).

5

Applying this law to the facts of Petitioner's case, Petitioner's Section 1231 90-day removal period, during which time Petitioner must be detained, began on May 14, 2026, and runs until August 12, 2026. Accordingly, as of the date of this Memorandum Order, because Petitioner's detention is governed by Section 1231, Petitioner must be detained and his detention without an individualized bond hearing does not violate the INA.

   3. *Petitioner's detention pursuant to Section 1231 without a bond hearing does not violate Petitioner's due process rights under the Fifth Amendment*

Petitioner asserts that his detention without a bond hearing violates his Fifth Amendment due process rights, and in support thereof, argues that his residence in the United States has been lengthy, he has extensive family and community ties, no criminal history, and he "currently has a pending credible fear interview for asylum and withholding of removal." (Doc. 1 at 9, Doc. 10 at 2).

In response, the Government has submitted evidence that establishes that on June 16, 2026, an immigration judge ("IJ") reviewed the Department of Homeland Security ("DHS")'s Reasonable Fear Determination as to Petitioner and concluded "[a]fter consideration of the evidence, the immigration court finds that the alien has not established a reasonable possibility that the alien would be persecuted on the basis of a protected ground, or a reasonable possibility that the alien would be tortured in the country of removal. . . . The case is returned to the DHS for removal of the alien. Pursuant to 8 C.F.R. § 1208.31(g)(1), no administrative appeal is available." (Doc. 9-6).

In *Suescum Ochoa v. Wolford*, Civ. No. 3:26-698, 2026 WL 2085989 (W.D. Pa. July 20, 2026) (Haines, J.), the district court recently explained:

   Under federal law, when a removal order becomes final, ICE has 90 days in which to remove a noncitizen from the United States and must detain the noncitizen during this period. *See* 8 U.S.C. §§ 1231(a)(1), (a)(2)(A). After this period expires,

6

however, continued detention is authorized only for so long as "removal is . . . reasonably foreseeable." *Zadvydas* [*v. Davis,* 533 U.S. 678, 699 (2001)]. Because "[i]ndefinite, [or] permanent, detention" would raise serious constitutional concerns, *Zadvydas* construed detention beyond the 90-day period as authorized only for so long as reasonably necessary to accomplish removal, and recognized six months as a presumptively reasonable period. *Id.* at 700-701. "This 6-month presumption, of course, does not mean that every [noncitizen] not removed must be released after six months." *Id.* at 701. To obtain release, the noncitizen bears the initial burden to provide good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. *Id.* If they make that showing, "the Government must respond with evidence sufficient to rebut" it. *Id.* And as the period of post-removal detention grows, what counts as the "'reasonably foreseeable future' conversely . . . shrink[s]." *Id.*

*Suescum Ochoa,* 2026 WL 2085989, at *3.

Applying this analysis to Petitioner's claim that his detention without a bond hearing violates his Fifth Amendment due process rights, for the following reasons, the Court finds that Petitioner has not established that his detention pursuant to Section 1231 without a bond hearing violates his due process rights under the Fifth Amendment.

First, as explained above, Petitioner has not yet been detained pursuant to Section 1231 for 90 days.

Second, in light of the findings and conclusions set forth in the IJ's June 16, 2022 Order detailed above, the Court finds that Petitioner has not satisfied his burden of showing that "there is no significant likelihood of [his] removal in the reasonably foreseeable future," *Zadvydas,* 533 U.S. at 701.

        C.  *Petitioner is Not Entitled to Attorney's Fees and Costs Under the Equal Access to Justice Act*

Petitioner also seeks attorney's fees and costs under the Equal Access to Justice Act if he prevails in this action.  (Doc. 1 at 21).  This request is denied because, for all of the reasons set forth in this Memorandum Order, Petitioner has not prevailed in this action.

### III.    CONCLUSION

For all of the above-stated reasons, Petitioner Adan Doroteo Miranda Bravo's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) is DENIED.

Judgement shall be entered in favor of Respondents and against Petitioner.

The Clerk of Court shall mark this case CLOSED.

SO ORDERED this 22nd day of July, 2026.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:  ECF Counsel of Record